

**FILED**
**Aug 01, 2019**
**11:54 AM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| TERRY V. ADAMS,<br>　　　　Employee,<br>v.<br>EAST TENNESSEE PERSONAL<br>CARE SERVICE, LLC,<br>　　　　Employer,<br>And<br>ACCIDENT FUND GENERAL<br>INSURANCE COMPANY,<br>　　　　Carrier. | ）Docket No. 2019-03-0154<br>）<br>）<br>）<br>）State File No. 27353-2018<br>）<br>）<br>）<br>）Judge Pamela B. Johnson<br>）<br>） |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This case came before the Court for an Expedited Hearing on July 10, 2019. The Court must decide whether Ms. Adams came forward with sufficient evidence demonstrating that she is entitled to additional benefits. For the reasons below, the Court holds Ms. Adams is entitled to ongoing medical benefits.

### History of Claim

Ms. Adams worked as a personal aide for East Tennessee Personal Care Service (ETPCS).[1] Her duties involved assisting clients with transportation and activities of daily living. On March 5, 2018, another vehicle struck Ms. Adams's personal vehicle while transporting an ETPCS client. Ms. Adams immediately called the police and reported the accident to her supervisor. After the police completed its report, Ms. Adams transported her client and herself to the emergency room.

Although the police report indicated the parties were not injured, Ms. Adams emailed her supervisor on the evening of the accident and stated, "The impact was so

---

[1] Two months after Ms. Adams's injury, ETPCS joined Associated Home Care, an Amedisys company.

1

hard, I knew I needed to get checked out due to having thoracic stents in my body."[2] She provided her supervisor the hospital discharge paperwork and the traffic accident report number. Ms. Adams completed a Tennessee Department of Safety and Homeland Security Owner/Driver Report and noted that the accident resulted in injuries. She additionally provided a written statement on March 23 and advised, "I had emergency medical care, due to a pre-existing medical problem, but I may need additional medical care." In her statement, she requested that "the correct person who handles Workers' Compensation contact me as soon as possible."

ETPCS prepared a First Report of Work Injury on April 16 and noted, "INJURED WORKER STATES CHEST, HEAD AND LOWER LEG PAIN." (Emphasis in original). That same day, the owner of ETPCS told Ms. Adams that the only provider she could see was Farragut Family, but he did not give her an appointment date or any documentation from workers' compensation. In July, she contacted ETPCS's carrier and spoke to the adjuster, who told her the claim was "opened and closed." On July 31, Ms. Adams received a note with a telephone number for Farragut Family. However, when she called to schedule an appointment, Farragut Family said that it needed her employer's authorization.

She ultimately received authorization and saw Dr. Gerald Russell at Farragut Family on August 2. She reported neck and mid-back pain radiating down her left arm after the March car accident. Dr. Russell ordered a cervical and thoracic MRI and assigned restrictions. On August 30, Dr. Russell reviewed the MRI, which showed degenerative disc disease in her cervical spine, and he suggested physical therapy and "possible physiatry referral."

Ms. Adams filed her Petition for Benefit Determination on February 5, 2019, seeking additional medical treatment. At the Expedited Hearing, she asserted that ETPCS unreasonably delayed authorization of her initial treatment and payment of her medical bills. Ms. Adams acknowledged that she received a panel of physiatrists in October 2018 and selected a physician.

ETCPS denied it unreasonably delayed Ms. Adams's treatment or payment of related bills. It asserted Ms. Adams did not initially request treatment, and the police report noted no injuries. It also introduced its carrier's claim payment report demonstrating payment of benefits to or on Ms. Adams's behalf. Specifically, the report indicated it paid the ER physician's March 5, 2018 charges on May 10, 2018, and the corresponding March 5, 2018 hospital bill on July 1, 2019. It argued the bill was

---

[2] Ms. Adams testified she suffered from a preexisting aortic aneurysm and needed medical treatment immediately.

improperly sent to Ms. Adams's automobile insurer, who declined to pay the hospital charges. ETCPS further noted it paid Ms. Adams's mileage.

At the conclusion of the hearing, ETPCS confirmed its willingness to provide additional treatment with Dr. Russell and a panel-selected physiatrist for Ms. Adams's work-related injuries. However, it argued other than continued authorized, causally-related medical care for Ms. Adams's injuries, no other benefits were due.

## Findings of Fact and Conclusions of Law

To prevail at an Expedited Hearing, Ms. Adams must show she would likely prevail at a hearing on the merits that she is entitled to additional benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018).

It became clear to the Court during the hearing that Ms. Adams filed the Petition for Benefit Determination because she believed ETCPS neglected her. She testified she took immediate action to ensure her client received prompt medical attention. She contacted her supervisor from the scene of the accident to report the accident, and the same day she sent the traffic accident report number and discharge papers. In contrast, she said ETCPS showed little concern for her well-being. She testified it did not immediately offer her treatment or pay her emergency room care.

ETCPS argued that the police report noted no injuries, and Ms. Adams did not ask for treatment. However, the evidence showed Ms. Adams requested treatment as of March 23, but ETCPS did not provide it until August 2.

The Court finds Ms. Adams a credible employee who placed her client's needs above her own. While Ms. Adams ensured her client was evaluated and treated if necessary, ETCPS did not extend the same courtesy to her. ETCPS eventually provided authorized medical treatment and paid her emergency room bills and mileage, but the delay caused discord between the parties and led to litigation.

The Workers' Compensation Law requires an employer to provide an injured employee with medical treatment made reasonably necessary by a work accident. Tenn. Code Ann. § 50-6-204. To do so, following notice of injury and request for medical care, the employer must provide the injured employee with a panel of physicians within three business days. Tenn. Comp. R. & Regs. 0800-02-01-.06(1). Additionally, medical bills must be paid within thirty calendar days of receipt of a properly submitted and complete bill. Tenn. Comp. R. & Regs. 0800-02-17-.10(7) (2018). Failure to timely provide a panel of physicians and medical treatment exposes the employer to penalties under Tennessee Code Annotated section 50-6-118.

3

The Court finds ETCPS failed to timely provide Ms. Adams medical treatment and to timely pay her medical bills. Ms. Adams gave ETCPS notice and requested treatment by March 23, 2018, but ETCPS did not authorize it until shortly after July 31, 2018 – a four-month delay. ETCPS further did not pay Ms. Adams's March 5, 2018 emergency room bills until July 1, 2019 – an almost fifteen-month delay. Accordingly, the Court refers this case to the Compliance Unit for investigation and assessment of penalties under Tennessee Code Annotated section 50-6-118 and Tennessee Compilation Rules and Regulations 0800-02-01 et seq. Further, the Court holds Ms. Adams is entitled to ongoing medical treatment under Tennessee Code Annotated section 50-6-204.

**IT IS, THEREFORE, ORDERED** as follows:

1. ETCPS shall provide ongoing medical treatment for Ms. Adams's work injuries by authorizing a return appointment with Dr. Russell and scheduling an appointment with Ms. Adams's selection from the previously-provided panel of physiatry.

2. This case is set for a Status Conference on **November 18, 2019,** at **1:30 p.m. Eastern Time**. The parties must call 865-594-0091 or 855-543-5041 toll-free to participate in the Status Conference. Failure to appear by telephone might result in a determination of the issues without the party's participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED August 1, 2019.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

4

# APPENDIX

<u>Technical Record:</u>
1. Petition for Benefit Determination
2. Attachment-Employee Issues
3. Employer Correspondence-Employer/Fund Issues
4. Employee Correspondence
5. Employee Correspondence
6. Dispute Certification Notice
7. Request for Expedited Hearing
8. Notice of Expedited Hearing
9. Employer's Response in Opposition to Request for Expedited Hearing
10. Employee's Reply to Employer's Response
11. Subsequent Injury Fund's Expedited Prehearing Statement

<u>Exhibits:</u>
1. Affidavit of Terry V. Adams
2. First Report of Work Injury
3. Tennessee Electronic Traffic Crash Report
4. Notice of Workers' Compensation Injury
5. Tennessee Department of Safety and Homeland Security Owner/Driver Report
6. Department of Intellectual and Developmental Disabilities Reportable Incident
7. Notice of Hospital Lien
8. Marked for Identification Only: Medical Records of Physicians Regional Medical Center
9. Medical Records of Summit Medical Group, Internal Medicine Associates
10. Medical Records of Dr. Gerald Russell, Farragut Family Practice
11. Marked for Identification Only: Medical Records of Therapy Plus
12. Marked for Identification Only: Medical Expenses
13. Marked for Identification Only: Correspondence from Humana Financial Recovery & Subrogation
14. Correspondence from United Heartland
15. Marked for Identification Only: Joe Neubert Collision Repair Preliminary Estimate
16. Email Communications between Employee and Employer
17. Correspondence of Associated Home Care
18. United Heartland Claim Payment Report
19. Deposition Transcript of Terry V. Adams

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on August 1, 2019.

| Name | U.S. Mail | Fax | Email | Service sent to: |
|------|-----------|-----|-------|------------------|
| Terry V. Adams, Self-Represented Employee | X | | X | 5929 Loice Lane Knoxville, TN 37924 adamsterry367@gmail.com |
| Tiffany B. Sherrill, Employer's Attorney | | | X | tbsherrill@mijs.com |
| Robert Davies, Fund Attorney | | | X | robert.davies@tn.gov |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

6



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

    _____ Relationship: _____

    _____ Relationship: _____

    _____ Relationship: _____

    _____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | | |
|---|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe:_____ |

11. My debts are:

Amount Owed                 To Whom

_____    _____

_____    _____

_____    _____

_____    _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____